UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENAI MID-CONTINTENT, INC.,<br><br>    Plaintiff and<br>    Counter-Defendant,<br><br>v.<br><br>GREAT BASIN OPERATING, LLC,<br><br>    Defendant and<br>    Counter-Claimant. | Case No. 1:24-cv-00434-KES-CDB<br><br>ORDER DENYING STIPULATED REQUEST TO CONTINUE CASE MANAGEMENT DATES<br><br>(Doc. 16) |

**Relevant Background**

The operative scheduling order governing the litigation of this case was entered on July 10, 2024. (Doc. 11). As set forth therein, nonexpert discovery closes on April 30, 2025; expert discovery closed on July 25, 2025. The undersigned admonished that the case management dates "are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation." (*Id.* at 7) (emphasis in original).

In advance of the mid-discovery status conference, on February 13, 2025, the parties filed a joint-mid-discovery status report in which they represented on January 31, 2025, Defendant/Counter-Claimant Great Basin Operating, LLC ("Defendant") served interrogatories, document requests, and requests for admission on Plaintiff/Counter-Defendant Kenai Mid-Continent, Inc. ("Plaintiff") with a response due on March 3, 2025. (Doc. 14). The parties represented that on February 13, 2025, Plaintiff likewise served interrogatories, document requests, and requests for admission on Defendant with a response due on March 17, 2025. (*Id.* at 2). The parties represented that "[r]egarding impediments to completing discovery within the

deadlines, [Defendant's] lead counsel switched firms in August 2024, which resulted in some delay in prosecuting all of his cases, including this one." (*Id.*). The parties represented they both "plan to work with diligence to complete discovery within the current deadlines, but they would like to reserve the right to request the Court for a modest extension of discovery if necessary" and that "they will know by March 17, 2025[,] whether they believe they will need an extension and any motion for [such] will be filed by that date." (*Id.*).

The Court vacated the mid-discovery status conference and admonished the parties of "their obligation to diligently pursue and timely complete discovery within the scheduled case management dates." (Doc. 15).

### **Stipulated Request to Continue Case Management Dates**

Pending before the Court is the parties' joint, stipulated request to extend unexpired case management dates and deadlines by 60 days, filed on March 17, 2025. (Doc. 16). The parties proffer that good cause exists for the extension in part because Defendant's lead counsel switched firm in August 2024, which resulted in delay in prosecuting this case, and while the parties "have worked diligently to complete discovery within the allotted timeframe, this matter is document intensive and factually complex." (*Id.* at 3). The parties represent that based on Plaintiff's March 11, 2025, responses to Defendant's January 31, 2025, discovery requests, Defendant "will need to procure far more expansive third-party discovery than initially anticipated as [Plaintiff] proffers that it does not have control, possession or custody of many of the requested records." (*Id.*). Defendant proffers that "the documents and information sought … will apparently have to be obtained via third parties[.]" (*Id.*). The parties represent that "[r]esponses are forthcoming" to Plaintiff's discovery requests served on February 13 and 27, 2025. (*Id.*). The parties represent that Defendant "requires time to identify and locate … witnesses [identified in Plaintiff's March 11, 2025, production of records] … some of which are likely to live out of state, and depose them, before the close of discovery." (*Id.* at 4). The parties represent the requested extension will not impede on the trial date. (*Id.*).

### **Standard of Law**

District courts enter scheduling orders in actions to "limit the time to join other parties,

2

1  amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once
2  entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R
3  Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson*
4  *v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir. 1992).

5      "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly
6  disregarded by counsel without peril." (*Id.*) (quotation and citation omitted). Under Federal Rule
7  of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the
8  judge's consent." Fed. R. Civ. P. 16(b)(4). As the Court of Appeals has observed:

9
10
11
12
> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders...

13  *Wong v. Regents of Univ. of Cal*., 410 F.3d 1052, 1060 (9th Cir. 2005). "Rule 16(b)'s 'good
14  cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*,
15  975 F.2d at 609. If the moving party is unable to reasonably meet a deadline despite acting
16  diligently, the scheduling order may be modified. (*Id.*). If, however, the moving party "'was not
17  diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So.*
18  *Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002) (*quoting Johnson*, 975 F.2d at 609).

19    **Discussion**

20    Here, although the parties represent they have "worked diligently to complete discovery
21  within the allotted timeframe" given that lead counsel for Defendant "switched firms in August
22  2024[,]" (Doc. 16 at 3), Defendant did not serve initial discovery requests until January 31,
23  2025—more than six months after the case was scheduled and at least five months after counsel's
24  reported relocation to a different firm. Further, Plaintiff did not serve its initial discovery requests
25  until February 13, 2025—seven months after the case was scheduled. The parties have not
26  provided the Court with any details concerning what discovery was completed before
27  Defendant's counsel switched firms in August 2024 or otherwise explained the significant delay
28  in undertaking discovery after the defense counsel's relocation to a different firm.

1   Because the parties have failed to establish they acted diligently to meet discovery
2   deadlines as set forth in the scheduling order, the parties' request to extend case management
3   dates will be denied. *See Zivkovic*, 302 F.3d at 1087; (Doc. 11 at 7).

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED, the parties' stipulated request to extend discovery and all other case management dates (Doc. 16) is DENIED.

IT IS SO ORDERED.

Dated:   **March 18, 2025**                              _____
                                                          UNITED STATES MAGISTRATE JUDGE