UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENAI MID-CONTINTENT, INC.,<br><br>Plaintiff and<br>Counter-Defendant,<br><br>v.<br><br>GREAT BASIN OPERATING, LLC,<br><br>Defendant and<br>Counter-Claimant. | Case No. 1:24-cv-00434-KES-CDB<br><br>ORDER GRANTING STIPULATED REQUEST TO CONTINUE CASE MANAGEMENT DATES <u>AS MODIFIED</u><br><br>(Doc. 22)<br><br>ORDER REQUIRING PARTIES TO FILE JOINT DISCOVERY MANAGEMENT REPORT<br><br>**<u>7-DAY DEADLINE</u>** |

**<u>Relevant Background</u>**

On March 18, 2025, the Court denied the parties' joint stipulated request to extend unexpired case management dates and deadlines by 60 days, which request was premised largely on counsel for Defendant's reported relocation to a new law firm. (Doc. 17). Among other reasons in finding the parties failed to demonstrate good cause for the requested extension, the Court noted that Defendant did not serve initial discovery requests until more than six months after the case was scheduled and at least five months after lead counsel for Defendant's reported relocation to a different firm, and that Plaintiff did not serve its initial discovery requests until seven months after the case was scheduled. (*Id.* at 3).

**<u>Renewed Stipulated Request to Continue Case Management Dates</u>**

Pending before the Court is the parties' renewed stipulated request to extend unexpired case management dates and deadlines by 60 days, filed on April 10, 2025. (Doc. 22). The parties proffer that good cause exists for the extension because Defendant's lead counsel switched firms in August

1  2024, which resulted "in a significant delay" in prosecuting this case as the switch involved "a
2  lengthy process" of transferring and onboarding client files and this matter "was not fully
3  onboarded until mid-November 2024." (*Id.* at 3). The parties represent that at this time, and while
4  lead counsel for Defendant continued to onboard the remainder of his cases, the parties produced
5  their initial disclosures. (*Id.*). The parties represent that by January 10, 2025, affirmative discovery
6  was drafted but service of Defendant's first set of written discovery was delayed given its
7  "representatives were on a remote location, drilling a well." (*Id.*).

8  The parties further represent that based on Plaintiff's March 11, 2025, responses to
9  Defendant's January 31, 2025, discovery requests, Defendant "has been required to procure far
10 more expansive third-party discovery than initially anticipated as [Plaintiff] proffers that it does not
11 have control, possession or custody of many of the requested records." (*Id.* at 4). Defendant
12 proffers that "the documents and information sought" have been requested from third parties. (*Id.*).
13 The parties also represent that Defendant responded to Plaintiff's February 13, 2025, discovery
14 requests on March 11, 2025, and to Plaintiff's February 27, 2025, discovery requests on April 10,
15 2025. (*Id.*). The parties represent that on March 18, 2025—the date the Court denied the initial
16 request for extension—Defendant served its first supplemental disclosures, and a week thereafter,
17 Defendant served a meet and confer letter on Plaintiff regarding deficient discovery responses from
18 which Plaintiff agreed to produce additional documents. (*Id.*). Plaintiff proffers that some of the
19 records will be provided by April 11 and "additional documents [the] next week" and that "[t]here
20 may still be a dispute regarding the discoverability of some of the requested documents" which "are
21 highly relevant" to upcoming depositions scheduled during the April 14 to 21 timeframe. (*Id.*).
22 The parties represent that from March 28, 2025, to April 9, 2025, they have proceeded in discovery
23 and represent among other things that Defendant's FOIA request on the Department of
24 Transportation is estimated at "4-5 months for production" and that Plaintiff served objections to
25 Defendant's request to inspect the rig, pipe, and components utilized at the well. (*Id.* at 5). The
26 parties represent that on April 9, 2025, the parties met and conferred regarding the status of
27 Plaintiff's supplemental document production and the deposition schedule, and that the parties are
28 working in good faith to sort out their discovery matters without court intervention and "it does not

1    appear the records will be produced in their entirety before the start of currently scheduled
2    depositions." (*Id.* at 6).  The parties proffer that despite the delay in moving this case forward, they
3    "have diligently litigated this matter" but "meeting the April 30, 2025 deadline to complete fact
4    discovery will prove to be nearly impossible." (*Id.*).  The parties therefore request additional time
5    to complete discovery and resolve any related matters, including the scheduling of the inspection
6    of the rig and drill pipe, and of the depositions, and to allow time or Plaintiffs to complete its
7    document production in advance of the scheduled depositions.  (*Id.*).

**Standard of Law and Discussion**

9        In its earlier order denying the parties' stipulated request for extension of case management
10   dates, the Court cited governing Ninth Circuit authority and concluded that, under that authority,
11   the parties failed to demonstrate due diligence sufficient to find good cause for any extension of
12   deadlines.  (Doc. 17 at 2-3)
13       Applying that same authority here, in light of the parties' additional proffers regarding the
14   challenges lead counsel for Defendant encountered in his transition to a new firm, the circumstances
15   regarding Defendant's unavailability in January 2025 to facilitate discovery requests, and because
16   it appears the parties have been diligent from the date the Court denied the parties' initial stipulated
17   request to extend case management deadlines, the Court finds the parties have shown limited good
18   cause to warrant a one-time, 60-day extension of case management dates.  However, the Court
19   admonishes that the parties' proffers here fall short of demonstrating extraordinary circumstances
20   that the Court will require for any further extensions of deadlines.  In light of the parties' partly
21   inexplicable delay in initiating discovery, the circumstances here—that the parties were unable to
22   appreciate the broad scope of this litigation which requires "far more expansive third-party
23   discovery than initially anticipated"—are a result of counsel's apparent disregard of the dates and
24   deadlines established in the operative scheduling order and the undersigned's admonishment
25   therein that those deadlines "**are considered to be firm**" subject to extension only upon a showing
26   of good cause.  *See* (Doc. 11 at 7) (emphasis in original).
27       To ensure compliance with the Court's earlier reminder to the parties of "their obligation to
28   diligently pursue and timely complete discovery within the scheduled case management dates" (*see*

3

1 Doc. 15) and given the parties' indication that they anticipate noticing numerous depositions (Doc.
2 22), the Court will require the parties to meet/confer and file a joint discovery management report
3 documenting diligent discovery management efforts.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that the parties' renewed stipulated request to extend case management deadlines (Doc. 22) is GRANTED, and the case management dates in the scheduling order (Doc. 11) are <u>modified</u> as follows:

| Event | Current Date | New Date |
|---|---|---|
| Expert Disclosures | May 30, 2025 | July 29, 2025 |
| Rebuttal Disclosures | June 20, 2025 | August 19, 2025 |
| Fact Discovery Deadline | April 30, 2025 | June 30, 2025 |
| Expert Discovery Deadline | July 25, 2025 | September 23, 2025 |
| Non-Dispositive Motion Filing Deadline | August 18, 2025 | October 17, 2025 |
| Non-Dispositive Motion Hearing | September 22, 2025 | *November 24, 2025* |
| Dispositive Motion Filing Deadline | October 17, 2025 | December 16, 2025 |
| Dispositive Motion Hearing | December 1, 2025 | *January 26, 2026* |
| Pre-Trial Conference | April 6, 2026 | *June 8, 2026* |
| Trial | June 16, 2026 | *August 18, 2026* |

All other provisions of the operative scheduling order remain in effect. (*Id.*). The Court will not grant any further extensions of case management dates absent a showing of extraordinary circumstances beyond the reasonable ability of counsel for the parties to control or anticipate.

///
///
///

4

And it is FURTHER ORDERED, the parties SHALL FILE within **seven (7) days** of the date of entry of this order a joint discovery management report documenting: (1) meet and confer efforts between counsel and all anticipated deponents regarding their availability to appear for depositions; and (2) a preliminary schedule for the anticipated noticing of depositions for all witnesses.

IT IS SO ORDERED.

Dated:   **April 11, 2025**

UNITED STATES MAGISTRATE JUDGE