UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENAI MID-CONTINTENT, INC.,<br><br>            Plaintiff and<br>            Counter-Defendant,<br><br>      v.<br><br>GREAT BASIN OPERATING, LLC,<br><br>            Defendant and<br>            Counter-Claimant. | Case No. 1:24-cv-00434-KES-CDB<br><br>ORDER DENYING STIPULATED REQUEST TO CONTINUE CASE MANAGEMENT DATES<br><br>(Doc. 27) |

### **Background**

Plaintiff and Counter-Defendant Kenai Mid-Continent, Inc. ("Plaintiff") initiated this action with the filing of a complaint on March 5, 2024, in the Kern County Superior Court, No. BCV-24-100784, against Defendant and Counter-Plaintiff Great Basin Operating, LLC ("Defendant"), before Defendant removed the action to this Court on April 11, 2024. (Doc. 1). The operative scheduling order governing the litigation of this case was entered on July 10, 2024. (Doc. 11). On April 11, 2025, the Court granted the parties' stipulated request to continue case management dates as modified, extending, relevant here, the non-dispositive motion filing deadline by approximately two months (to October 17, 2025). (Doc. 23 at 4). The Court noted that it "will not grant any further extensions of case management dates absent a showing of extraordinary circumstances beyond the reasonable ability of counsel for the parties to control or anticipate." *Id.*

Pending before the Court is the parties' stipulated request to amend the scheduling order to continue the non-dispositive motion deadlines, filed on October 17, 2025. (Doc. 27). The parties

1  proffer that good cause exists for the extension because counsel for Plaintiff, Michael Georgino,
2  fell from a horse on September 6, 2025, suffering significant injury that required hospitalization for
3  treatment. *Id.* at 3. The parties seek to extend the non-dispositive motion deadlines so as to
4  facilitate the recovery of Mr. Georgino, which the parties proffer constitutes extraordinary
5  circumstances beyond the reasonable ability of counsel for the parties to control or anticipate. *Id.*
6  at 4. Mr. Georgino declares that counsel for Defendant agreed to the requested extension. *Id.* at 7,
7  ¶ 11.

8  **Discussion**

9  First, requests for extensions of time in the Eastern District of California are governed by
10 Local Rule 144, which provides: "Counsel shall seek to obtain a necessary extension from the
11 Court or from other counsel or parties in an action as soon as the need for an extension becomes
12 apparent." L.R. 144(d). That rule further provides, "Requests for Court-approved extensions
13 brought on [or after] the required filing date for the pleading or other document are looked upon
14 with disfavor." *Id.* Here, notwithstanding the parties' proffer that the circumstances warranting
15 an extension of the non-dispositive motion deadlines were known to the parties weeks before the
16 motion filing deadline (Doc. 27 at 3), the parties waited until the deadline to file any non-
17 dispositive motions to seek an extension. Such a request fails to comply with Local Rule 144 and
18 reflects a lack of diligence.

19 Second, the Court does not find the parties have shown that extraordinary circumstances
20 warrant a further extension of case management dates. While injury to an attorney requiring
21 hospitalization unquestionably is unfortunate and could implicate the need to continue case
22 management deadlines, here, there is no record evidence that affected attorney (Mr. Georgino) is
23 involved in this case. Thus, Mr. Georgino is not a noticed attorney for Plaintiff, has not appeared
24 in this action before filing the instant stipulated request, and has not been named in or signed any
25 pleading of record. Upon review of the Clerk of the Court's records, it appears Mr. Georgino was
26 not admitted to practice in this District until approximately seven months ago – long after this case
27 was scheduled. The parties' stipulation provides no explanation why the three noticed attorneys
28 from the same law firm as Mr. Georgino that are representing Plaintiff were unable to timely file

any non-dispositive motions, notwithstanding the Court's earlier grant of a two-month extension of the deadline and admonishment that no additional extensions would be granted absent extraordinary circumstances. (Doc. 23).

Accordingly, the parties' stipulated request to amend the case management dates will be denied without prejudice.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that the parties' stipulated request to amend the scheduling order to continue the non-dispositive motion deadlines (Doc. 27) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **October 20, 2025**                            /s/ 

UNITED STATES MAGISTRATE JUDGE